UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN OSTRANDER,

        Plaintiff,

v.                                       Case No. 12-CV-14436
                                       Honorable Denise Page Hood

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

_____/

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION

**I.    INTRODUCTION**

Plaintiff, Bryan Ostrander, is before the Court on an appeal of the Administrative Law Judge's May 3, 2011, decision, finding that he is not disabled under §§ 216(i) and 223(d) of the Social Security Act. On August 20, 2013, Magistrate Judge Charles E. Binder recommended that this Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. For the reasons stated below, the Court accepts the Report and Recommendation's findings of fact and conclusions of law

without addition or omission. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**. The Commissioner's Motion for Summary Judgment is **GRANTED**.

## II. BACKGROUND

### A. The Administrative Law Judge's Decision

On March 1, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging that he became disabled on January 18, 2008. Plaintiff also filed a Title XVI application for supplemental security income on March 1, 2010. Plaintiff's claims were initially denied on May 27, 2010. Following this denial, Plaintiff filed a written request for a hearing on June 24, 2010, and a hearing was held on April 21, 2011, in Mt. Pleasant, Michigan before Administrative Law Judge ("ALJ") Craig R. Petersen.

In a decision dated May 3, 2011, ALJ Petersen denied Plaintiff's claim for disability benefits, determining that Plaintiff was not disabled. Specifically, ALJ Petersen completed the required five-step sequential evaluation process, pursuant to 20 CFR 404.1520(a) and 416.920(a), and concluded:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.

2. The claimant has not engaged in substantial gainful activity since January18, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

> 3. The claimant has the following severe impairments: left lower extremity neuropathy; obesity; and dyslexia (20 CFR 404.1520(c) and 416.920(c)).
>
> . . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> . . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) limited to lifting, carrying, pushing, and pulling up to ten pounds occasionally. . . .

**[ALJ Decision at 3-5]** As to Part 4 of the evaluation process, ALJ Petersen stated that he "considered all listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 with specific attention to . . . 1.02 (Major Dysfunction of a Joint), 1.08 (Soft Tissue Injury), and 12.02 (Organic Mental Disorders)." ALJ Peterson determined that Plaintiff's

> left lower extremity neuropathy failed to meet the requirements for listing 1.02 . . . because the record . . . does not demonstrate gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints, with (A) involvement of one major

3

>peripheral weight-bearing joint resulting in inability to ambulate effectively; or (B) involvement of one major peripheral joint in each upper extremity, resulting in inability to perform fine and gross movements effectively.

**[ALJ Decision at 4]**

ALJ Peterson further determined that Plaintiff's left lower extremity neuropathy "does not demonstrate soft tissue injury," and, therefore, does not satisfy 1.08. **[ALJ Decision at 4]** ALJ Peterson noted "obesity is no longer a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1," but that Plaintiff's obesity was "considered in relation to the musculoskeletal, respiratory and cardiovascular body systems listings." **[ALJ Decision at 4]** ALJ Petersen also determined that Plaintiff's "mental impairment does not meet or medically equal the criteria of listing 12.02." **[ALJ Decision at 4]** Lastly, ALJ Petersen noted that Plaintiff has "mild restriction," and that though he leads a "limited lifestyle," Plaintiff did admit that he engages in various daily activities including "doing stretching exercises, grocery shopping, preparing small meals, doing laundry, caring for his personal hygiene, visiting with friends, going to movies, using a computer, playing video games, and watching television." **[ALJ Decision at 4]**

After completing the five-step evaluation, ALJ Peterson concluded that Plaintiff "is not disabled under sections 216(i) and 223(d) of the Social Security Act." **[ALJ**

**Decision at 11]** On August 30, 2012, ALJ Petersen's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. On October 6, 2012, Plaintiff filed the instant suit, seeking judicial review of the Commissioner's unfavorable decision.

### B. Magistrate Judge Report and Recommendation

On August 20, 2013, Magistrate Judge Charles E. Binder filed a Report and Recommendation concerning Plaintiff's request for benefits. The Magistrate Judge found that "the ALJ utilized the proper legal standards in his application of the Commissioner's five-step disability analysis to Plaintiff's claim." **[Magistrate Report & Recc. at 11]** Judge Binder further determined that despite Plaintiff's contention that ALJ Petersen "erred as a matter of law in failing to properly evaluate medical records and opinions of evidence, and thereby, formed an inaccurate hypothetical that did not accurately portray Mr. Ostrander's impairments and by incorrectly concluding that Mr. Ostrander's disability did not arise before January 18, 2008," ALJ Petersen's decision was supported by "substantial evidence." **[Magistrate Report & Recc. at 11]**

Specifically, Judge Binder noted that "[a]lthough Plaintiff suffered a serious laceration to his left upper thigh in January 2008," there was "[n]o apparent vascular injury, positive movement, pulse 2+, possible tendon and muscular damage."

5

**[Magistrate Report & Recc. at 11]** Judge Binder also noted that "[n]o doctor found Plaintiff disabled; instead, the doctors found him to be capable of sedentary work." **[Magistrate Report & Recc. at 12]** As to Plaintiff's level of pain, Judge Binder noted that "[a]t the administrative hearing, when asked when he last took prescription medication for the pain in his lower left extremity, Plaintiff stated, "I don't remember." **[Magistrate Report & Recc. at 12]** "Such modest treatment," Judge Binder noted, "is inconsistent with a finding of disabling symptoms." *See Myatt v. Comm'r of Soc. Sec.*, 251 F. App'x 332, 334-35 (6th Cir. 2007). **[Magistrate Report & Recc. at 12]** As to Plaintiff's dyslexia, Judge Binder determined that there was "no evidence indicating that dyslexia was disabling alone or in combination with Plaintiff's other impairments." **[Magistrate Report & Recc. at 12]** Finally, Judge Binder determined that the hypothetical posed to the vocational expert at the administrative hearing "properly incorporated the limitations discussed above and was in harmony with the objective record medical evidence and Plaintiff's own statements . . . ." **[Magistrate Report & Recc. at 12]** Based on these findings, Judge Binder determined that because ALJ Petersen's decision was "within that 'zone of choice within which decisionmakers may go either way without interference from the courts,'" *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994), the ALJ's decision was supported by substantial evidence, and should be affirmed.

## III. ANALYSIS

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Any objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L. R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Failing to file any objections waives a party's right to further appeal, *see id.*, and relieves the Court from its duty to review the matter independently. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Neither party has filed an objection to the Magistrate Judge's Report and Recommendation. In the absence of any timely and specific objections to the Report and Recommendation, the Court deems all objections waived and finds the Magistrate

7

Judge's recommendation sound and appropriate. The Report and Recommendation's conclusions of law are accepted.

### IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge Charles Binder's Report and Recommendation **[Docket No. 13, filed August 20, 2013]** is **ACCEPTED**. The Court accepts the Report and Recommendation's findings of fact and conclusions of law in their totality.

**IT IS FURTHER ORDERED** that Plaintiff Bryan Ostrander's Motion for Summary Judgment **[Docket No. 8, filed January 25, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment **[Docket No. 12, filed April 26, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

                          S/Denise Page Hood
                          Denise Page Hood
                          United States District Judge

Dated:  December 19, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2013, by electronic and/or ordinary mail.

                                 S/LaShawn R. Saulsberry
                                 Case Manager